# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | **CASE NO.: 1:19-CR-378** |
| ) | |
| **v.** ) | **JUDGE DAN A. POLSTER** |
| ) | |
| **JEROME MCGLOTHIN,** ) | |
| ) | |
| **Defendant.** ) | **OPINION AND ORDER** |
| ) | |

Before the Court is Defendant Jerome McGlothin's Motion for Compassionate Release. ECF Doc. 26. For the following reasons, McGlothin's Motion is **DENIED**.

## I. Background

Jerome McGlothin was indicted on June 19, 2019 for two drug offenses and being a felon in possession of a firearm. ECF Doc. 1. On December 10, 2019, Mr. McGlothin entered into a plea agreement as to all three counts. ECF Doc. 16. On September 15, 2020, the Court sentenced Mr. McGlothin to 140 months in prison with credit for time served and six years of supervised release. ECF Doc. 22. Mr. McGlothin is currently incarcerated at Hazelton Federal Correctional Institution (FCI) with a release date of August 14, 2030.[1]

On March 14, 2020, Mr. McGlothin filed this Motion for Compassionate Release with the Court. ECF Doc. 26. Mr. McGlothin is 43 years old and suffers from obesity, asthma, and sleep apnea. ECF Doc. 26. Based on the presence of these conditions in the context of the ongoing COVID-19 pandemic, Mr. McGlothin is petitioning the Court to grant compassionate release.

---

[1] *Find an Inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited May 11, 2021).

1

**II.    Discussion[2]**

Compassionate release is authorized by statute, 18 U.S.C. § 3582(c)(1). In order for the Court to grant compassionate release, two requirements must be met before the Court may grant a sentence modification. 18 U.S.C. § 3582(c)(1). The court must find: (A) extraordinary and compelling reasons warrant sentence reduction and (B) the reduction is appropriate considering the 18 U.S.C. § 3553(a) sentencing factors, "to the extent that they are applicable." *Id.*

**A. Extraordinary and Compelling Reasons**

In determining whether "extraordinary and compelling reasons" for compassionate release exist, the Court examines: (1) whether the defendant has a high risk of complications from contracting COVID-19 and (2) whether the prison where the defendant is incarcerated is experiencing a severe COVID-19 outbreak. *See United States v. Jones*, No. 20-3701, 2020 U.S. App. LEXIS 36620, at *19 (6th Cir. Nov. 20, 2020) (finding that district courts have full discretion to decide when "extraordinary and compelling reasons" justify sentence modification as long as the Sentencing Commission has not updated § 1B1.13 to reflect the First Step Act).

Mr. McGlothin alleges that his medical conditions of obesity, asthma, and sleep apnea put him at high risk of serious complications should he contract COVID-19. ECF Doc. 26. As the Government correctly noted, on April 29, 2021, the Centers for Disease Control and Prevention ("CDC") revised its list of COVID-19 risk factors. The CDC's revisions abandoned the separation between risk factors that definitely create an increased risk of severe illness and those that only might create an increased risk. Now, the CDC treats risk factors (including those previously listed under the might category) as ones that can make you "more likely to get severely ill from COVID-

---

[2] Before filing a motion for compassionate release, a defendant must satisfy 18 U.S.C. §3582(c)(1)(A)(i)'s exhaustion requirement. In the present case, it is clear that Mr. McGlothin fully exhausted all administrative remedies before filing his Motion with the Court. Therefore, the Court moves directly to the merits.

19." [3] *See United States v. Elias*, No. 20-3654, 2021 U.S. App. WL 50169, at *521 (6th Cir. Jan. 6, 2021) ("[r]elying on official guidelines from the CDC is a common practice in assessing compassionate-release motions"). The CDC has determined that moderate-to-severe asthma and obesity both can make a person more likely to get severely ill from COVID-19. *Id*. Of note, sleep apnea is not on the CDC's list, and Mr. McGlothin has failed to provide the Court with medical documentation to ascertain the severity of his medical conditions. Nonetheless, even assuming that Mr. McGlothin's asthma and obesity is enough to demonstrate an extraordinary and compelling reason for his release, Mr. McGlothin's argument is undercut by the fact that he recently had the opportunity to receive the Pfizer-BioNTech COVID-19 vaccine, but he declined the opportunity to receive it without providing any justification for doing so. ECF Doc. 32, Ex 1. Mr. McGlothin cannot argue that the Bureau of Prisons ("BOP") COVID-19 conditions put him at an increased risk of serve illness if he contracts COVID-19, but then actively prevents the BOP from mitigating the risk exposure without even acknowledging his decision to refuse, nor provide any explanation. Simply put, McGlothin cannot have it both ways. The Court finds that, when combined with Mr. McGlothin's lack of explanation for his COVID-19 vaccine refusal and his failure to provide the Court with medical documentation to ascertain the severity of his medical conditions, Mr. McGlothin does not satisfy the first prong of the "extraordinary and compelling reasons" test.

Moreover, Mr. McGlothin's Motion fails on the second prong of the "extraordinary and compelling reasons" test as well. At present, zero inmates and one staff member at Hazelton FCI have positive cases of COVID-19.[4] Because "extraordinary and compelling" reasons are a

---

[3] Centers for Disease Control and Prevention, *People with Certain Medical Conditions* (May 11, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.
[4] Federal Bureau of Prisons, *COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/ (last accessed May 11, 2021).

necessary component of the Court's ability to grant compassionate release, and as Mr. McGlothin has failed to provide such reasons, his motion cannot be granted.

### B. 18 U.S.C. § 3553(a) Factors

Even if Mr. McGlothin had established an "extraordinary and compelling reason" for a sentence reduction, compassionate release is inappropriate considering the sentencing factors listed in 18 U.S.C. § 3553(a). The statute lists seven factors the Court must weigh, including: the nature and circumstances of the offense as well as the defendant's history and characteristics; the need for the sentence; the types of sentences available; the sentencing range; any pertinent policy statement; the need to avoid sentence disparities among similar defendants; and the need to provide restitution to victims. 18 U.S.C. § 3553(a). These factors are initially considered during sentencing. In deliberating a motion for compassionate release, the Court must consider whether the factors support a sentence modification. 18 U.S.C. § 3582(c)(1).

Mr. McGlothin was sentenced to 140 months in prison on September 15, 2020. ECF Doc. 22. To date, he has served approximately 21 months and has over 9 years remaining in his sentence. *See United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020) (noting that several § 3553(a) factors "permit the court to consider the amount of time served in determining whether a sentence modification is appropriate"). Mr. McGlothin is correct that the Court can consider post-offense rehabilitation efforts in support of the 3553(a) factors, but he offers none, and the Court finds none that will be compelling enough to overcome the fact that Mr. McGlothin served less than 20% of his sentence.

Further, Mr. McGlothin was convicted under very serious circumstances involving drug trafficking. During Mr. Glothin's arrest, as police entered his residence pursuant to a search warrant, McGlothin unloaded a gun magazine and was found to be in possession of a minimum of

4

four (4) grams of a mixture of heroin and fentanyl, at least seven (7) grams of crack cocaine, and a loaded H&K .40 caliber pistol. *See* ECF Doc. 18. Given the nature of Mr. McGlothin's current offenses, a reduction in his sentence is not appropriate at this time. *See United States v. Relliford*, No. 20-3868, 2021 U.S. App. LEXIS 5188, at *2-3 (6th Cir Feb. 22, 2021) (finding that the district court properly considered the § 3553(a) factors when looking at the seriousness of the offense as well as the amount of time remaining on the defendant's sentence). The Court also notes that Mr. McGlothin has a lengthy criminal history, with numerous violent offenses. *See* ECF Doc. 18. For these reasons, the § 3553(a) factors weigh against granting Mr. McGlothin's Motion for Compassionate Release.

### III. Conclusion

For the above reasons, Defendant Jerome McGlothin's Motion for Compassionate Release (ECF Doc. 26) is hereby **DENIED.**

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster May 11, 2021*
**Dan Aaron Polster**
**United States District Judge**