IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CASE NO. 19-cr-378 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE DAN AARON POLSTER |
| ) | |
| JEROME MCGLOTHIN, ) | |
| ) | **OPINION AND ORDER** |
| Defendant. ) | |

Before the Court is Defendant Jerome McGlothin's Motion for Relief from Defective USDC Order Denying Medical Compassionate Release (the "Motion"). ECF Doc. 37. McGlothin brings this Motion under Rule 60(b) of the Federal Rules of Civil Procedure and asks the Court to reconsider its prior order, which denied McGlothin's request for compassionate release due to the COVID-19 pandemic. ECF Doc. 37 at 1; *see also* ECF Docs. 26, 34.

However, the Sixth Circuit has repeatedly made clear that Rule 60(b) is not applicable to criminal proceedings and "may not be used to disturb a criminal sentence or conviction." *United States v. Gibson*, 424 F. App'x 461, 464 (6th Cir. 2011). Moreover, a motion for compassionate release is a continuation of a criminal case because it seeks relief from an imposed sentence. *United States v. Brown*, 817 F.3d 486, 488 (6th Cir. 2016). Thus, McGlothin's original compassionate release motion is a part of his criminal case, and he may not rely on Rule 60(b) to obtain relief from the Court's prior order. *See United States v. Gordon*, 92-81127, 2020 WL 7316109, at *1 (E.D. Mich. 2020) (citing *United States v. Booker*, 352 Fed. App'x. 102, 103 (7th Cir. 2009) ("[E]very circuit court that has addressed § 3582(c)(2) has determined that it is criminal in nature and therefore covered only by rules applying to criminal cases, not civil cases")).

Moreover, to the extent that McGlothin may renew his compassionate release motion, the Court further concludes that McGlothin has not presented sufficient grounds to obtain a different outcome. Rather, McGlothin takes issue with the prior ruling because the Court did not sufficiently consider the combined effects of his obesity, asthma, obstructive sleep apnea, pre-diabetes, lead-induced gout, high cholesterol, and kidney disability. ECF Doc. 37 at 7-9. However, McGlothin did not submitted any medical documentation with his compassionate release motion, and the Court could not assess the extent of his medical conditions. ECF Docs. 26, 34. McGlothin has now submitted his medical records (ECF Doc. 37-3), and, from this, the Court can discern that McGlothin has multiple medical issues but all of these issues are being managed by the Bureau of Prison's medical staff. And while McGlothin characterizes his medical conditions as terminal, none of his medical records confirm that characterization. Rather, McGlothin seemingly suffers from several conditions that could become terminal if left untreated, but that does not mean that McGlothin is currently facing a terminal illness diagnosis. Therefore, even with the benefit of McGlothin's medical records, it is clear that McGlothin's medical conditions do not constitute an extraordinary and compelling reason for his early release, and McGlothin's attempt to renew his compassionate release motion fails for the same reasons his original motion was not granted.

For these reasons, Defendant Jerome McGlothin's Motion for Relief from Defective USDC Order Denying Medical Compassionate Release (ECF Doc. 37) is hereby **DENIED**.

IT IS SO ORDERED.

*/s/ Dan Aaron Polster August 12, 2012*
**Dan Aaron Polster**
**United States District Judge**